IN THE UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

RICARDO DE LEON TREJO,
          Petitioner-Appellant,

v.

No. 26-5186

CHRISTOPHER S. BULLOCK,
          Respondent-Appellee.

## OPPOSITION TO MOTION FOR
## RELEASE PENDING APPEAL

Respondent Bullock opposes Ricardo De Leon Trejo's motion for release pending the resolution of this appeal from the district court's determinations that he was entitled to a bond hearing under 8 U.S.C. § 1226(a) and thereafter received such a hearing. [R. 30, 39, Memorandum Opinions & Orders, 193-202, 520-23.] De Leon was not granted bond; he remains in the custody of Immigration and Customs Enforcement (ICE) awaiting administrative removal proceedings because he is a Mexican national who was not lawfully admitted to the United States and has no lawful immigration status. [R. 37-1, Bond Hr'g Tr., 494; R. 39 Mem. & Order, 520-23.] The district court also determined that De Leon's dissatisfaction with the outcome of the bond hearing must be addressed to the Board of Immigration Appeals. [*Id.* at 523.] Although De Leon has filed an appeal to the Board of Immigration Appeals ("BIA") [*see* Exhibits 1 and 2], he also asks this Court to order his release in the meantime—*i.e.*, before this Court assesses whether

1

the district court erred by ordering a bond hearing rather than release and without regard to the forthcoming determination of the BIA. This Court should not release De Leon—the sought-after remedy under habeas corpus—before the merits of his pending appeals are adjudicated.

## FACTUAL AND PROCEDURAL BACKGROUND

De Leon, a Mexican national who entered the United States without inspection years ago, was taken into custody by ICE for alleged violations of 8 U.S.C. § 1182(a)(6)(A)(i), (a)(7)(A)(i)(I)—specifically, being present in the United States without being admitted or paroled, and being present in the United States without possessing valid entry or travel documents. [R. 1, Petition, 1-9; R. 25-1, Notice, 124-127.]

On February 2, 2026, De Leon filed a federal habeas petition under 28 U.S.C. § 2241, asserting that he was being unlawfully detained under the mandatory detention provisions of the Immigration and Nationality Act ("INA"); he sought immediate release or, alternatively, a bond hearing. [R. 1, Petition, at 8.] The district court granted the petition in part, ordering the Government to provide De Leon with a bond hearing consistent with 8 U.S.C. § 1226(a) within ten days after its February 13, 2026 order. [R. 30, Mem. Op. and Order, at 201-202.]

An immigration judge (IJ) for the Houston-Greenspoint Park Immigration Court held De Leon's bond hearing on February 20, 2026. [R. 33-2, IJ Order, 373-

374.]  Although the IJ initially planned to deny bond in light of *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026), he ultimately considered the issue of bond on the merits.  [R. 37-1, Bond Hr'g Tr. at 491-94.]  De Leon presented evidence about his family and community ties, his moral character and compliance, his pending immigration applications, and his financial assets.  [*Id.* at 488-89, 493.]  The Government argued that De Leon was a flight risk because he had no familial ties to his sponsor, who had insufficient independent income or resources to sponsor a bond or secure his appearance, and because De Leon had reentered the United States unlawfully on multiple occasions after voluntarily returning to Mexico once told to leave the United States, including on two consecutive days in 2024.  [*Id.* at 490-91, 493.]  After considering the evidence and arguments presented, the IJ denied De Leon's request for bond, concluding that he was a flight risk.  [*Id*. at 494.]

A few days later, De Leon filed what he captioned as an "Emergency Motion to Enforce Judgment," seeking an order for immediate release or release on bond conditions set by the district court.  [R. 33, Motion at 214.]  He asserted that the Government had not provided a hearing consistent with 8 U.S.C. § 1226(a) as previously ordered by the court.  [*Id*. at 209-12.]  After reviewing the transcript of the bond hearing and the evidence submitted by the parties, the district court determined that the hearing satisfied due process as well as the court's prior order,

such that De Leon was not entitled to further relief.  [R. 39, Mem. Op. & Order, 520-23.]  The court also emphasized that, to the extent De Leon sought review of the IJ's decision on the merits, his "avenue for review . . . is by exercising his option to appeal the IJ's Order to the Board of Immigration Appeals."  [*Id.* at 523.]

De Leon then filed this appeal from the district court's decisions.  [R. 40, Notice of Appeal, 524-525.]  He later also filed an appeal from the IJ's decision to the BIA, and that appeal remains pending.  [Exhibits 1 and 2, attached.]

**LEGAL STANDARDS**

Although De Leon seeks an order for his immediate release pending appeal from a habeas corpus proceeding, he does not characterize his motion as one under Federal Rule of Appellate Procedure 23(b), which provides that, "[w]hile a decision not to release a prisoner is under review, . . . the court of appeals . . . may order that the prisoner be . . . released on personal recognizance, with or without surety."  That may be because the Sixth Circuit applies a heightened standard for release under Rule 23(b): "'In order to receive bail pending a decision on the merits, prisoners must be able to show not only a substantial claim of law based on the facts surrounding the petition but also the existence of 'some circumstance making [the motion for bail] exceptional and deserving of special treatment in the interests of justice.'"  *Armengau v. Hildebrand*, No. 22-4049, 2023 WL 6475859 at *3 (6th Cir. Jun. 1, 2023) (quoting *Dotson v. Clark*, 900 F.2d 77, 79 (6th Cir. 1990)

4

and *Aronson v. May*, 85 S. Ct. 3, 5 (1964)). "'There will be few occasions where a prisoner will meet this standard.'" *Id.*

Instead, De Leon characterizes his motion as one brought under Rule 8, and contends that the following four factor test should govern his request: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." Pet'r's Mot. at 6-7 (citing *Michigan Coalition of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 153 (6th Cir. 1991)).

Respondent respectfully submits that the Rule 23(b) standard articulated in *Armengau* governs De Leon's motion. "Release pending an appeal from the denial of habeas relief is governed by Federal Rule of Appellate Procedure 23(b)." *United States v. Cornish*, 89 F. App'x 569, 570 (6th Cir. 2004). Under either standard, this Court must afford the district court's determination a significant amount of deference. *See Griepentrog*, 945 F.2d at 153 (When considering Rule 8 motion for relief pending appeal, trial court's decision on motion for injunctive relief "is generally accorded a great deal of deference . . . and will only be disturbed if the court relied upon clearly erroneous findings of fact, improperly

5

applied the governing law, or used an erroneous legal standard.").  De Leon cannot satisfy either standard, and accordingly his motion should be denied.

The primary question before the district court was whether an alien without lawful admission who has nonetheless been living in the United States for some appreciable period of time is subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A) or instead subject to discretionary detention and may receive a bond hearing under 8 U.S.C. § 1226(a).  As the district court recognized, that issue has been litigated extensively over the past year and resulted in a "divergence of opinions."  [Doc. 30, Mem. Op. & Order at 198.]  The issue is presently pending before this Court in *Reyes v. Raycraft*, No. 25-1982 (6th Cir.).  Two other circuits recently held that mandatory detention under § 1225 applies.  *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026); *Avila v. Bondi*, No. 25-3248, __ F.4th __, 2026 WL 819258 (8th Cir. Mar. 25, 2026).

In this case, the district court held that 8 U.S.C. § 1226(a) was applicable to De Leon's detention.  [R. 30, Mem. Op. & Order at 201.]  Under that provision, "an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States."  8 U.S.C. § 1226(a).  The Attorney General "may" either "continue to detain the arrested alien" or release the alien on bond or conditional parole, meaning detention is discretionary.  *Id*. § 1226(a)(1)-(2).

Generally, if the government determines that an alien should remain detained during the pendency of his removal proceedings, the alien may request a bond hearing before an immigration judge (IJ). *See* 8 C.F.R. §§ 236.1(d)(1), 1003.19, 1236.1(d). The IJ then conducts a bond hearing and decides whether to release the noncitizen on bond. *See In re Guerra*, 24 I. & N. Dec. 37, 40 (BIA 2006);[1] *see also* 8 C.F.R. § 1003.19(d). The Constitution does not guarantee aliens in removal proceedings the right to release on bond. *Carlson v. Landon*, 342 U.S. 524, 534 (1952). Rather, the IJ has broad discretion in concluding whether an alien will be released on bond. *Guerra*, 24 I&N Dec. at 39; *see also Carlson*, 342 U.S. at 540.

---

[1] The BIA has identified the following non-exhaustive list of factors an IJ may consider: "(1) whether the alien has a fixed address in the United States; (2) the alien's length of residence in the United States; (3) the alien's family ties in the United States, and whether they may entitle the alien to reside permanently in the United States in the future; (4) the alien's employment history; (5) the alien's record of appearance in court; (6) the alien's criminal record, including the extensiveness of criminal activity, the recency of such activity, and the seriousness of the offenses; (7) the alien's history of immigration violations; (8) any attempts by the alien to flee prosecution or otherwise escape from authorities; and (9) the alien's manner of entry to the United States." *Guerra*, 24 I. & N. Dec. at 40.

# ARGUMENT

**I.     De Leon's appeal does not raise substantial claims of law that demonstrate a likelihood of success on appeal.**

   A.     <u>De Leon's appeal does not raise a substantial claim because the INA permits detention (if it does not mandate detention) for aliens who have not been admitted.</u>

De Leon's motion for release is premised, in part, on his argument that the district court should have granted him release in the first instance, rather than ordering a bond hearing.  Pet'r's Mot. at 8-11.  As an initial matter, Respondent respectfully submits that this is an issue better reserved for full briefing on the merits, because it goes directly to the sought-after remedy under habeas corpus— before the merits of his pending appeals are adjudicated.  That said, De Leon's argument ignores the fact that even if *mandatory* detention does not apply to aliens who are present in the country without having been admitted—a point on which Respondent respectfully disagrees, and which has yet to be decided by this Court— the INA at the very least *permits* the detention of such aliens.  8 U.S.C. § 1226(a). When § 1225 does not apply, § 1226 "generally governs the process of arresting and detaining . . . aliens pending their removal." *Jennings*, 583 U.S. at 288. Section 1226(a) provides that "an alien may be . . . detained pending a decision on whether the alien is to be removed from the United States." 8 U.S.C. § 1226(a). "To secure release, the alien must show that he does not pose a danger to the community and

that he is likely to appear for future proceedings." *Johnson v. Guzman Chavez*, 594 U.S. 523 , (2021) (citing 8 C.F.R. §§ 236.1(c)(8), 1236.1(c)(8); *Matter of Adeniji*, 22 I. & N. Dec. 1102, 1113 (BIA 1999)).

Moreover, De Leon *affirmatively requested* that he be granted a bond hearing under § 1226(a) as alternative relief if the district court declined to order his release. [R. 1. Petition at 2, 7-8.] Accordingly, at minimum, he invited the purported error about which he now complains, because he "contribute[d] in some way to the district court's [alleged] error." *United States v. Montgomery*, 998 F.3d 693, 698 (6th Cir. 2021); *see also Harvis v. Roadway Exp. Inc.*, 923 F.2d 59, 60-61 (6th Cir. 1991) (collecting cases applying the doctrine of invited error).

    B.    <u>De Leon's arguments regarding prima facie determinations and potential relief under the Violence Against Women Act do not raise substantial claims.</u>

De Leon affirmatively asserts and makes extensive arguments regarding a potential immigration benefit under the Violence Against Women Act ("VAWA") based on a prima facie determination of eligibility. *See* Pet'r's Mot. at 5-6, 11-13, 14-15, 19-20, 21-22. As an initial matter, Respondent notes that the applicable statutes, rules and regulations related to VAWA petitions and benefits significantly constrain Respondent's ability to address or respond to De Leon's assertions. *See* 8 U.S.C. § 1367(a); USCIS Policy Manual, vol. 3, pt. D, ch. 6(A)(2), *available at* https://www.uscis.gov/policy-manual/volume-3-part-d-chapter-6 (last visited

Mar. 30, 2026) (addressing confidentiality and restrictions on use and disclosure of information related to applications).  Speaking generally, however, issuance of a prima facie case determination by USCIS in any individual case is simply a preliminary, "first look" determination that an applicant *may* qualify to seek legal residence.  It does not, in and of itself, confer legal status.  *See* 8 C.F.R. § 204.2(c)(6); USCIS Policy Manual, vol. 3, pt. D, ch. 5(A)(1), *available at* https://www.uscis.gov/policy-manual/volume-3-part-d-chapter-5 (last visited Mar. 31, 2026).

Accordingly, receipt of a notice of prima facie case determination under VAWA would not protect a petitioner who has not otherwise established legal residence from the commencement of removal proceedings or detention pending removal proceedings, although it may be a relevant consideration for an IJ considering a request to stay proceedings or withhold removal.  *See Matter of Pinzon Rozo*, 29 I&N Dec. 507 (BIA 2026) (ruling that an IJ erred in granting continuance and must proceed with removal proceedings against a respondent who had an *approved* Form I-360 application as special immigrant juvenile status alien).[2]

---

[2] Form I-360 is the same application used for classification under VAWA.

C. <u>De Leon's challenge to the district court's determination that the bond hearing satisfied due process and the district court's judgment does not raise substantial claims.</u>

In reviewing De Leon's post-judgment, post-bond hearing motion to enforce the district court's judgment [R. 33, Mot., 208-216], the district court correctly noted that it had no authority to determine the propriety of the IJ's determination that De Leon was a flight risk and should be denied bond. [R. 39, Mem. & Order, at 522.] The same is true on this appeal.

According to 8 U.S.C. § 1226(e), "[t]he Attorney General's discretionary judgment regarding the application of this section shall not be subject to review. No court may set aside any action or decision by the Attorney General under this section regarding the detention of any alien or the revocation or denial of bond or parole." *See also Demore v. Kim*, 538 U.S. 510, 516-17 (2003). Instead, the jurisdiction of both the district court and this Court to review De Leon's bond hearing is limited to whether it satisfied due process or otherwise suffered some defect that rendered it noncompliant with the district court's order. *See, e.g., Ghanem v. Warden Essex Cnty. Corr. Fac.*, No. 21-1908, 2022 WL 574624, at *2 (3d Cir. Feb. 25, 2022); *Gentry v. Deuth*, 456 F.3d 687, 692 (6th Cir. 2006). In reaching its decision, the district court considered whether De Leon's bond hearing complied with "[t]he fundamental requirement of due process" that he be provided with an "opportunity to be heard 'at a meaningful time and in a meaningful

manner.'" [*See* R. 39, Mem. & Order, at 523 (citing *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976)).]

The district court found that the hearing complied with due process and with its own order for an individualized bond hearing. [*Id.* at 520-523.] As noted by the district court, the fact that De Leon disagrees with the IJ's decision "does not constitute a violation of the Due Process Clause." [*Id.* at 523 (citing *Al-Shabee v. Gonzales*, 188 F. App'x 333, 339 (6th Cir. 2006)).] Similarly, De Leon's arguments about the weight of the evidence presented at the bond hearing, or alleged "judicial admissions" made by Government counsel at the bond hearing, are beyond the purview of the courts.[3] To the extent that De Leon wishes to seek review of the IJ's bond decision, the proper avenue for such review is to appeal the IJ's order to the BIA, which he has now done, but that claim is not properly part of the instant appeal. *See* 8 C.F.R. §§ 236.1(d)(3), 1003.19(f), 1003.38, 1236.1(d)(3).

De Leon's regurgitated arguments on appeal that the bond hearing was a "sham" present nothing new to raise a substantial question of law or demonstrate a likelihood of success on the merits. Accordingly, they do not support an order from this Court for immediate release pending disposition of his appeal.

---

[3]De Leon misconstrues the record by asserting that Government counsel's request for a high bond constituted a "withdrawal" of any flight risk concern and an "admission" that bond should be granted. The fact that Government counsel rejected a request to stipulate to any bond amount makes that point clear. [R. 37-1, Bond Hr'g Tr., 488.]

**II.** **De Leon has failed to show that extraordinary circumstances exist that make his motion for immediate release exceptional and deserving of special treatment in the interests of justice.**

Even if De Leon showed that his appeal raises substantial claims of law—and he has not—he has not identified any extraordinary circumstances to make his motion for immediate release exceptional and deserving of special treatment in the interests of justice. *See* Pet'r's Mot. at 21-23. De Leon argues that his detention is unlawful, but that argument is disputed and contrary to law, and it goes to the merits of his appeal. As explained *supra* at 8-9, aliens who are present in the United States without admission may lawfully be detained pending a determination on whether they will be removed. The Supreme Court has long "recognized [that] detention during deportation proceedings [i]s a constitutionally valid aspect of the deportation process." *Demore v. Kim*, 538 U.S. 510, 523 (2003) (citation omitted).

De Leon also argues that his continued detention during the pendency of his appeals constitutes irreparable harm in and of itself. Pet'r's Mot. at 21-23. But the fact of detention cannot possibly constitute an exceptional circumstance for purpose of seeking immediate release pending appeal. Detention during deportation proceedings is a constitutionally valid aspect of the deportation process, *Demore*, 538 U.S. at 523, and De Leon has been detained for just over two months, which is presumptively constitutional. *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001). And he has not shown that his appeal presents "a close question," or

13

"one that very well could be decided the other way." *See United States v. Randell*, 761 F.2d 122, 125 (2d Cir. 1985) (applying Second Circuit's standard for considering court's authority to grant bail to habeas petitioners appealing denial of habeas relief in the immigration context).

Ultimately, De Leon has not shown any extraordinary circumstances to make his motion for immediate release exceptional and deserving of special treatment in the interests of justice. Accordingly, the Court should deny the motion.

## CONCLUSION

For the foregoing reasons, the Court should deny Ricardo De Leon Trejo's motion for immediate release pending the resolution of this appeal.

Respectfully submitted,

Francis M. Hamilton III
United States Attorney

By:  *s/Robert C. McConkey III*
Robert C. McConkey III, TN BPR# 18118
Alexa Ortiz Hadley, TN BPR# 36892
Assistant United States Attorneys
800 Market Street, Suite 211
Knoxville, TN 37902
(865) 545-4167
Robert.McConkey@usdoj.gov
Alexa.Hadley@usdoj.gov

**CERTIFICATE OF SERVICE**

I certify that, on <u>April 3, 2026</u>, this response was filed electronically.  Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt, and those parties may access this brief through the Court's electronic filing system.

<u>s/Robert C. McConkey III</u>
Robert C. McConkey III
Assistant United States Attorney

EXHIBIT 1

**U.S. Department of Justice**
Executive Office for Immigration Review
*Board of Immigration Appeals*

OMB# 1125-0002
**Notice of Appeal from a Decision of an Immigration Judge**

**1.** List Name(s) and "A" Number(s) of all Respondent(s)/Applicant(s):
Ricardo De Leon Trejo, ▮▮▮▮436

For Official Use Only

Staple Check or Money Order Here. Include Name(s) and "A" Number(s) on the face of the check or money order.

**!** **WARNING:** Names and "A" Numbers of **everyone** appealing the Immigration Judge's decision must be written in item #1. The names and "A" numbers listed will be the only ones considered to be the subjects of the appeal.

**2.** I am [✔] the Respondent/Applicant [ ] DHS-ICE *(Mark only one box.)*

**3.** I am [✔] DETAINED [ ] NOT DETAINED *(Mark only one box.)*

**4.** My last hearing was at OAKDALE IMMIGRATION COURT, Oakdale, LA *(Location, City, State)*

**5.** **What decision are you appealing?**

*Mark only one box below*. *If you want to appeal more than one decision, you must use more than one Notice of Appeal (Form EOIR-26).*

[ ] I am filing an appeal from the Immigration Judge's decision *in **merits** proceedings* (example: removal, deportation, exclusion, asylum, etc.) dated_____.

[✔] I am filing an appeal from the Immigration Judge's decision *in **bond** proceedings* dated
2/20/26_____. (For DHS use only: Did DHS invoke the automatic stay provision before the Immigration Court? [ ] Yes. [ ] No.)

[ ] I am filing an appeal from the Immigration Judge's decision ***denying a motion to reopen or a motion to reconsider*** dated_____.

*(Please attach a copy of the Immigration Judge's decision that you are appealing.)*

EOIR 1 of 3

Form EOIR-26
Rev. Nov. 2022
Exp. Jan. 2026

**6.** **State in detail the reason(s) for this appeal. Please refer to the General Instructions at item F for further guidance. You are not limited to the space provided below; use more sheets of paper if necessary. Write your name(s) and "A" number(s) on every sheet.**

The Immigration Judge (IJ) committed an error of law by failing to acknowledge and follow the jurisdictional mandate of the U.S. District Court for the Eastern District of Tennessee (Doc. 30), which constitutes the law of the case. The IJ erred by relying on a factually fraudulent Form I-213 which asserted "no evidence" of pending relief—a statement directly and irrefutably contradicted by the USCIS VAWA Prima Facie Determination and the Respondent's approved EAD already in the Governments possession. The IJ erred by ignoring the Government's formal judicial admission that a bond would "secure his presence in court," a concession that physical detention was unnecessary under 8 U.S.C. § 1226(a). The IJ abused his discretion by finding flight risk despite overwhelming evidence of residency and financial anchors, including a $226,936.18 mortgage payoff in February 2025. The IJ violated the Respondents Fifth Amendment right to a meaningful hearing by using known false evidence to maintain a deprivation of liberty.

*(Attach additional sheets if necessary)*

> ❗ **WARNING:** You must clearly explain the specific facts and law on which you base your appeal of the Immigration Judge's decision. The Board may summarily dismiss your appeal if it cannot tell from this Notice of Appeal, or any statements attached to this Notice of Appeal, why you are appealing.

**7.** Do you desire oral argument before the Board of Immigration Appeals? ☐ Yes ☑ No

**8.** Do you intend to file a separate written brief or statement after filing this Notice of Appeal? ☑ Yes ☐ No

**9.** If you are unrepresented, do you give consent to the BIA Pro Bono Project to have your case screened by the Project for potential placement with a free attorney or accredited representative, which may include sharing a summary of your case with potential attorneys and accredited representatives? *(There is no guarantee that your case will be accepted for placement or that an attorney or accredited representative will accept your case for representation)* ☐ Yes ☑ No

> ❗ **WARNING:** If you mark "Yes" in item #7, you should also include in your statement above why you believe your case warrants review by a three-member panel. The Board ordinarily will not grant a request for oral argument unless you also file a brief.
>
> If you mark "Yes" in item #8, you will be expected to file a written brief or statement after you receive a briefing schedule from the Board. The Board may summarily dismiss your appeal if you do not file a brief or statement within the time set in the briefing schedule.

**10.** **Print Name:** ██████████

**11.** **Sign Here:** ➤ X ___/ s / ███████___  03/23/26

Signature of Person Appealing
*(or attorney or representative)*

Date

Form EOIR-26
Rev. Nov. 2022
Exp. Jan. 2026

EOIR 2 of 3

**12.**

**Mailing Address of Respondent(s)/Applicant(s)**

Ricardo De Leon Trejo
(Name)

1033 Demonbreun St
(Street Address)

Ste 300
(Apartment or Room Number)

Nashville, TN, 37203
(City, State, Zip Code)

6159970006
(Telephone Number)

**11.**

**Mailing Address of Attorney or Representative for the Respondent(s)/Applicant(s)**

▓▓▓▓▓▓▓▓▓
(Name)

1033 Demonbreun St
(Street Address)

Ste 300
(Suite or Room Number)

Nashville, TN, 37203
(City, State, Zip Code)

6159970006
(Telephone Number)

**NOTE:** You must notify the Board within five (5) working days if you move to a new address or change your telephone number. You must use the Change of Address Form/Board of Immigration Appeals (Form EOIR-33/BIA).

**NOTE:** If an attorney or representative signs this appeal for you, he or she must file *with this appeal*, a Notice of Entry of Appearance as Attorney or Representative Before the Board of Immigration Appeals (Form EOIR-27).

**13.**

**PROOF OF SERVICE (You Must Complete This)**

▓▓▓▓▓▓▓ mailed or delivered a copy of this Notice of Appeal
(Name)

on 03/23/2026 to OPLA Oakdale
(Date)                          (Opposing Party)

at ECAS
(Number and Street, City, State, Zip Code)

☑ No service needed. I electronically filed this document, and the opposing party is participating in ECAS.

**SIGN HERE ➡** X ___/ s / ▓▓▓▓▓▓___
Signature

**NOTE:** If you are the Respondent or Applicant, the "Opposing Party" is the Assistant Chief Counsel of DHS - ICE.

**WARNING:** If you do not complete this section properly, your appeal will be rejected or dismissed.

**WARNING:** If you do not attach the fee payment receipt, fee, or a completed Fee Waiver Request (Form EOIR-26A) to this appeal, your appeal may be rejected or dismissed.

**HAVE YOU?**

☐ Read all of the General Instructions.
☐ Provided all of the requested information.
☐ Completed this form in English.
☐ Provided a certified English translation for all non-English attachments.
☐ Signed the form.

☐ Served a copy of this form and all attachments on the opposing party, if applicable.
☐ Completed and signed the Proof of Service
☐ Attached the required fee payment receipt, fee, or
☐ Fee Waiver Request.
☐ If represented by attorney or representative, attach a completed and signed EOIR-27 for each respondent or applicant.

**Page 3 of 3**

Form EOIR-26
Rev. Nov. 2022
Exp. Jan. 2026

EOIR 3 of 3



<span style="color:red">Exhibit 2</span>

**UNITED STATES DEPARTMENT OF JUSTICE**
**EXECUTIVE OFFICE FOR IMMIGRATION REVIEW**
**BOARD OF IMMIGRATION APPEALS**

Dendy, Aaron
Dendy Law, PLLC
1033 Demonbreun St.
Ste. 300
Nashville, TN 37203

DHS/ICE Office of Chief Counsel - OAK
1010 East Whatley Road
Oakdale, LA 71463-1128

Name:
  DE LEON-TREJO, RICARDO       ████-364

Riders:

Date of Notice: 03/25/2026

### FILING RECEIPT FOR APPEAL OR MOTION

The Board of Immigration Appeals (Board or BIA) acknowledges receipt of the appeal or motion and fee or fee waiver request (where applicable) on  03/23/2026  , in the above-referenced case, filed by the  Respondent

Additional Comments
 N/A

**WARNING FOR APPEALS:**

**Departure.** If you leave the United States after filing this appeal but before the Board issues a decision, your appeal may be considered withdrawn and the Immigration Judge's decision will become final as if no appeal had been taken (unless you are an "arriving alien" as defined in the regulations under 8 C.F.R. § 1001.1(q)).

**Proof of posting voluntary departure bond.** If you have been granted voluntary departure by the Immigration Judge, you must submit proof of having posted the voluntary departure bond set by the Immigration Judge to the Board. Your submission of proof must be provided to the Board within 30 days of filing this appeal. If you do not timely submit proof to the Board that the voluntary departure bond has been posted, the Board cannot reinstate the period of voluntary departure. 8 C.F.R. § 1240.2(c)(3)(ii).

**Autostay Bond Appeals.** Please note that the automatic stay will expire 90 days from the date of receipt of the DHS' appeal. 8 C.F.R. § 1003.6(c)(3). If the Board grants the respondent's request for additional briefing time, then the 90-day automatic stay period will be tolled for the same number of days. 8 C.F.R. § 1003.6(c)(4).

**Form EOIR-27.** If the appeal was filed by DHS and the respondent/applicant wishes to be represented by an attorney or accredited representative in these new proceedings, counsel must complete a new Form EOIR-27 (Notice of Entry of Appearance as Attorney or Representative before the Board of Immigration Appeals). Unless a Form EOIR-27 is received from counsel, the respondent/applicant will be considered pro se before the Board and all future notices, including the Board's decision, will be sent directly to the respondent/applicant and not to counsel.

## WARNING FOR MOTIONS:

**Stay of removal.** Filing a motion with the Board does not automatically stop the DHS from executing an order of removal. If the respondent/applicant is in DHS detention and is about to be removed, you may request the Board to stay the removal on an emergency basis. For more information, call the Clerk's Office at (703) 605-1007.

**Form EOIR-27.** If the motion was filed by DHS and the respondent/applicant wishes to be represented by an attorney or accredited representative in these new proceedings, counsel must complete a new Form EOIR-27 (Notice of Entry of Appearance as Attorney or Representative before the Board of Immigration Appeals). Unless a Form EOIR-27 is received from counsel, the respondent/applicant will be considered pro se before the Board and all future notices, including the Board's decision, will be sent directly to the respondent/applicant and not to counsel.

**FILING INSTRUCTIONS:**

If you have any questions about how to file something at the Board, please review the EOIR Policy Manual, Part III: Board Practice Manual, available on EOIR's website at www.justice.gov/eoir.

Accepted by:  LynnJ

CC