No. 26-5186

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
May 14, 2026
KELLY L. STEPHENS, Clerk

| | | |
|---|---|---|
| RICARDO DE LEON TREJO, | ) | |
| | ) | |
| Petitioner-Appellant, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| CHRISTOPHER S. BULLOCK, Acting Director of the New Orleans Field Office of ICE, in his official capacity, et al., | ) | |
| | ) | |
| Respondents-Appellees. | ) | |

Before: MOORE, NALBANDIAN, and READLER, Circuit Judges.

Petitioner Ricardo De Leon Trejo, a native and citizen of Mexico, appeals the district court's order denying De Leon's motion to enforce the court's partial grant of habeas corpus relief in this immigration enforcement matter. De Leon moves for release pending appeal. Respondent Christopher S. Bullock, Acting Director of the New Orleans Field Office of Immigration and Customs Enforcement, which is currently overseeing De Leon's detention, responds in opposition. De Leon represents that Respondent Tom Spangler, Sheriff of Knox County, Tennessee, where De Leon was detained when he filed his habeas petition, takes no position on the motion.

Traditionally, aliens arrested while attempting to enter the country were considered "applicants for admission" subject to mandatory detention under 8 U.S.C. § 1225, and aliens arrested in the interior of the country were entitled to a pre-detention bond hearing under 8 U.S.C. § 1226. In July 2025, the Department of Homeland Security ("DHS") changed the way it interprets these provisions so that any alien present in the United States without being admitted is considered

an "applicant for admission" and therefore subject to mandatory detention under § 1225. The Board of Immigration Appeals ("BIA") has since adopted DHS's interpretation, *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216, 220 (B.I.A. 2025), and the Fifth Circuit—where De Leon is currently detained—has affirmed that reading, *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026). A panel in our Court, however, recently concluded that aliens present in the United States are entitled to a bond hearing under § 1226. *See Lopez-Campos v. Raycraft*, --- F.4th ---, Nos. 25-1965/1969/1978/1982, 2026 WL 1283891, at *1 (6th Cir. May 11, 2026).

In January 2026, Immigration and Customs Enforcement ("ICE") arrested De Leon outside a Home Depot in Knoxville, Tennessee. He was charged with removability as an alien present without admission or parole and an immigrant not in possession of required documentation. He was transferred to the Knox County Detention Facility under the supervision of Sheriff Spangler. Pursuant to the new DHS policy, De Leon was classified as a person seeking admission subject to mandatory detention.

De Leon filed a habeas petition under 28 U.S.C. § 2241, arguing that his detention without a bond hearing was unconstitutional. He sought immediate release or, in the alternative, a bond hearing. Lacking clear guidance from this Court, the district court concluded that aliens apprehended in the interior of the country (as opposed to at the border) are entitled to a bond hearing under § 1226, and that De Leon was therefore entitled to such a hearing. Finding that § 1226 guaranteed a hearing, not summary release, the district court remanded the matter to an Immigration Judge ("IJ") to conduct a bond hearing.

By then, De Leon had been transferred to Louisiana. Applying Fifth Circuit and BIA precedent, the IJ initially decided that he lacked jurisdiction to grant bond. But when De Leon's counsel explained that the district court's habeas ruling required a bond hearing, the IJ considered the bond issue on the merits. Assessing the evidence presented at the hearing, the IJ concluded that De Leon was a flight risk and denied bond. De Leon appealed that denial to the BIA and

moved the district court for immediate release, arguing that the hearing was constitutionally insufficient. The district court concluded that the hearing satisfied the minimum requirements of due process and denied relief. De Leon appeals the district court's decision and moves for release pending appeal.

Release pending appeal from a habeas decision is governed by Federal Rule of Appellate Procedure 23. To obtain release, De Leon must raise a "substantial claim that [he] is confined in violation of the constitution" and demonstrate "the existence of some circumstance making the motion for [release] exceptional and deserving of special treatment in the interests of justice." *Dotson v. Clark*, 900 F.2d 77, 79 (6th Cir. 1990) (citation modified).

At this preliminary stage, we do not believe that De Leon's initial argument—that the district court was constitutionally obligated to order his immediate release—raises a substantial claim that he is confined in violation of the Constitution. It is well established that aliens may be detained pending removal proceedings, so long as due process is satisfied. *Demore v. Kim*, 538 U.S. 510, 523 (2003). And again, neither 8 U.S.C. § 1225 nor § 1226 provides the alien must be released pending their removal proceedings; rather, the question is whether the alien is entitled to a bond hearing. Nothing in the Constitution required the district court to order De Leon's immediate release.

De Leon also argues that his prima facie determination under the Violence Against Women Act ("VAWA") further compels his release. But De Leon knew of his prima facie determination under VAWA at the time he sought a bond hearing as an alternative remedy before the district court, so he may not now argue that his prima facie determination is another reason that he should have been immediately released.

De Leon's second argument takes aim at the IJ's denial of bond. To the extent De Leon challenges the "IJ's total disregard for overwhelming 'anchor' evidence that rendered a flight-risk finding irrational," such arguments challenging the merits of the IJ's decision and the IJ's exercise

of discretion fall outside our jurisdictional reach. Our jurisdiction in this case is limited. We may not review the IJ's discretionary detention decision. 8 U.S.C. § 1226(e). Thus, De Leon's arguments that the IJ improperly focused on his sponsor's income, his multiple reentries, or the general weight of the evidence are outside the scope of our review and must be appealed to the BIA. We can, however, review whether the bond hearing itself satisfied the Fifth Amendment's guarantee of procedural due process. *Demore*, 538 U.S. at 517; *see also AARP v. Trump*, 145 S. Ct. 1364, 1368 (2025) (per curiam) (recognizing that Fifth Amendment due process applies in immigration proceedings). In making that assessment, we ask whether the IJ's bond hearing was "a real one, not a sham or a pretense." *Palko v. Connecticut*, 302 U.S. 319, 327 (1937), *overruled on other grounds by Benton v. Maryland*, 395 U.S. 784 (1969). A "real" hearing—in the sense "required by the Due Process Clause—must be 'meaningful' and 'appropriate to the nature of the case.'" *Bell v. Burson*, 402 U.S. 535, 541–42 (1971) (citations omitted). In the setting of pre-removal bond, a meaningful hearing must involve consideration of the alien's risk of flight and danger to property or persons. *Johnson v. Guzman Chavez*, 594 U.S. 523, 527 (2021); 8 CFR § 1236.1(c)(8). In De Leon's case, however, only flight risk was at issue.

Based on our preliminary review of the record, we think De Leon does not, at this time, raise a substantial question as to whether he had a meaningful opportunity to present his case and respond to the government's argument, notwithstanding his assertion that the outcome of the hearing was predetermined and that the IJ pivoted to flight risk only after the jurisdictional holding fell apart. Unlike the cases cited in De Leon's reply brief, the IJ's explanation—short as it was—cited facts in the record to support his conclusion that De Leon is a flight risk, and the IJ explicitly "rescind[ed]" his "jurisdiction decision." The IJ highlighted concerns about De Leon's sponsor and De Leon's history of leaving the country and returning multiple times. Given the arguments De Leon presents in his motion, he fails to show that there is a substantial question of law as to whether the hearing was a sham. *See Bell*, 402 U.S. at 541–42; *Matter of Dobrotvorskii*, 29 I. &

N. Dec. 211, 213 (B.I.A. 2025) ("The existence of a valid, reliable, and credible sponsor is relevant to the determination of flight risk.").

De Leon argues that the government's request for a significant bond was tantamount to a judicial admission that bound the IJ and resolved the question of flight in De Leon's favor. We disagree. For an argument before a tribunal to constitute a binding admission, the statement must be an unambiguous and deliberate waiver. *MacDonald v. Gen. Motors Corp.*, 110 F.3d 337, 340–41 (6th Cir. 1997). A waiver is not deliberate, however, if the attorney also made other statements during the argument that conflict with the alleged waiver. *Id.* at 340. The government attorney made such statements here even though, as De Leon highlights, she once requested a high bond to secure De Leon's presence. At the beginning of the hearing, the government attorney refused to stipulate to an amount of bond to release De Leon and she argued throughout the hearing that De Leon was a flight risk, which is a basis to deny bond. Therefore, in light of the attorney's other inconsistent statements at the hearing, the request for a high bond does not constitute a binding admission. De Leon next argues that the government falsely claimed in an exhibit that he had no pending immigration applications when, in fact, he had a work permit and had received a notice that he was prima facie eligible for protection under the VAWA. But the IJ knew these facts because De Leon put them on the record at the hearing. Meanwhile, the government did not reference the exhibit, and the IJ did not mention it, let alone rely on it. Thus, we do not believe that the government's inaccurate exhibit influenced the IJ's decision in any way. *Cf. Chapman v. California*, 386 U.S. 18, 24 (1967) (finding constitutional error harmless when "the error complained of did not contribute to the verdict obtained").

De Leon also argues that because the BIA is bound by its own precedent and Fifth Circuit law—both of which conflict with the district court's habeas ruling—the requirement that he appeal the IJ's decision to the BIA is constitutionally futile. To De Leon's mind, the BIA has predetermined the issue and, thus, the exhaustion requirement should be excused. But we view an

appeal to the BIA as a constitutionally sufficient opportunity to argue that the law-of-the-case doctrine requires the BIA to follow the district court's interpretation of §§ 1225 and 1226. *Cf. Gatewood v. United States*, 979 F.3d 391, 396 (6th Cir. 2020) ("[U]nless the Supreme Court has decisively foreclosed an argument, declarations of its futility are premature." (quoting *Cvijetinovic v. Eberlin*, 617 F.3d 833, 839 n.7 (6th Cir. 2010))). Because De Leon has not convinced us that his appeal raises a substantial claim of law, we need not determine whether he has demonstrated "the existence of some circumstance making the motion for [release] exceptional and deserving of special treatment in the interests of justice." *Dotson*, 900 F.2d at 79 (citation modified).

Accordingly, the motion for release pending appeal is **DENIED**.

MOORE, Circuit Judge, concurring in the result. I agree that De Leon has failed to show that he is entitled to release pending appeal, so I concur only in the result.

ENTERED BY ORDER OF THE COURT

Kelly L. Stephens

Kelly L. Stephens, Clerk